## William G. Miller, Plff. in Err., v. George W. Rankin.

Where a lease provided that the lessee should not sublet without the written consent of the lessor, under a penalty of $300 in the nature of rent, in addition to the regular rent, and the lessee did sublet without the consent of the lessor, the lessee was liable under his contract for the penalty of additional rent.

(Argued October 26, 1887. Decided November 7, 1887.)

NOTE.—The measure of damages for breach of a covenant in a lease is not the value of the lease, but the loss resulting from the breach. Jackson v. Farrell, 6 Pa. Super. Ct. 31; Penn Iron Co. v. Diller, 113 Pa. 635, 6 Atl. 272. If there has been a liquidation of damages, as in MILLER v. RANKIN, such penalty controls. But the fact that a penalty is named will not limit the recovery where it does not appear that such sum was a liquidation of damage. Wagle v. Bartley, ante, 271. And in Sharpless v. Murphy, 7 Del. Co. Rep. 22, it was held that the liquidated penalty could not be recovered, where disproportionate to the injury sustained.

As to distinction between penalty and liquidated damages, see the presentation of the authorities in editorial note to Condon v. Kemper, 13 L. R. A. 671.

October Term, 1887, No. 58, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error *to* Common Pleas No. 2 of Allegheny County to review a judgment for want of a sufficient affidavit of defense. Affirmed.

The affidavit of claim averred that on February 20, 1886, plaintiff let a dwelling house to defendant for the term of one year, commencing April 1, 1886, for the sum of $318, payable in equal monthly instalments in advance, with a covenant in the written lease that defendant was not to sublet the premises without the written consent of the plaintiff, under a penalty of $300, to be paid by the defendant in the nature of rent, in addition to the amount above mentioned, in equal monthly instalments at the time of payment of the rent, computing from the date of subletting; that defendant took possession of the premises under said lease on April 1, 1886; that in September, 1886, defendant sublet said premises to one Elliott, without the consent and contrary to the wishes of plaintiff, and said Elliott went into possession and continues in possession without plaintiff's consent; wherefore, plaintiff claims the rent reserved for each of the two months of October and November, to wit, $26.50 for each of said months, and the additional sum of $25 for each month by reason of said subletting, making in all the sum of $103, which defendant refuses to pay.

The affidavit of defense averred that defendant had a full, just, and legal defense to all of plaintiff's claim except $53, being the rent reserved for the months of October and November, 1886, and for which sum he tendered judgment before the alderman; that $26.50 per month is the full rental value of said premises, which are sublet to Elliott at $18 per month; that plaintiff arbitrarily and unreasonably refused to give his consent to sublet the premises to Elliott, or any other person, although said Elliott occupies the premises for the same purpose for which they were leased to defendant, to wit: as a dwelling house for himself and family; that said Elliott and family are respectable people of good character and reputation, and take as good care of the premises as defendant and his family did, or could do; that said premises are not in any way or manner damaged or injured by the leasing thereof to said Elliott; that said premises were not needed by defendant after the month of June, 1886, he having purchased another house, and the leased premises remained

unoccupied from June until September, during which period the defendant paid the rent as it accrued, and he is still willing to pay the same, but is unwilling to pay any of said penalty unless it be shown that plaintiff has been injured or damaged by reason of said subletting.

The court entered judgment for want of a sufficient affidavit of defense.

The assignments of error specified: (1) The action of the court in making absolute the rule for judgment for want of sufficient affidavit of defense; (2) in entering judgment for any sum in excess of $53, with interest thereon from November 1, 1886; and (3) in entering judgment for $104.80.

*S. A. & M. Johnston* and *D. F. Patterson,* for plaintiff in error.—The stipulation in the lease for the payment of $300, in the event of subletting without the lessor's consent, is to be treated as penalty, and not as liquidated damages. Streeper v. Williams, 48 Pa. 450; Mathews v. Sharp, 99 Pa. 560; Shreve v. Brereton, 51 Pa. 175.

The general and just rule is, to hold a party who violates his contract for the amount of actual damage occasioned by his breach; and to hold him for more, or to allow him to escape with less, it must clearly appear that the parties mutually agreed to close all controversy about the amount of actual damage by fixing upon a definite sum as a substitute therefor.

The affidavit of defense makes a case for a jury. Bigony v. Tyson, 75 Pa. 157.

*S. W. Cunningham* and *T. D. Chantler,* for defendant in error.—The stipulation in the lease for the payment of $300 in the event of subletting without the lessor's consent is to be treated as liquidated damages, and not as a penalty.

It cannot be contended that the amount fixed upon as liquidated damages cannot exceed actual damages. Streeper v. Williams, 48 Pa. 450.

It is immaterial whether or not any damage ensue. Powell v. Burroughs, 54 Pa. 336.

Where the intention to liquidate the damages is indisputable, it will not be disregarded because the liability imposed for the breach much exceeds the apparent injury, without such proof of fraud, undue influence or mistake as justifies the interposition of

a chancellor.   Clement v. Cash, 21 N. Y. 253; Morse v. Rath-burn, 42 Mo. 594, 97 Am. Dec. 359; Dwinel v. Brown, 54 Me. 468.

The case of Shreve v. Brereton, 51 Pa. 175, has no applica-tion to this case.   The circumstances connected therewith are of a different nature, and governed by different principles.

In the same case (Shreve v. Brereton), however, the follow-ing language used by Mr. Justice CRESSWELL in Sainter v. Fer-guson, 7 C. B. 716, was quoted with approval: "If there be only one event upon which the money was to become payable, and there is no adequate means of ascertaining the precise dam-age that may result to the plaintiff from a breach of the contract, it is perfectly competent to the parties to fix a given amount of compensation in order to avoid the difficulty."   White & T. Lead. Cas. in Eq. p. 2052, and cases there cited.

Equity will not relieve against a forfeiture for assignment without consent.   Spencer v. Darlington, 74 Pa. 286; Taylor, Land. & T. § 413; Rolfe v. Peterson, 2 Bro. P. C. 436.

Plaintiff in error contends that the lessor had no right to arbi-trarily refuse to accept any tenant proposed by him.   Had the lease contained a clause whereby lessor expressly covenanted not to arbitrarily withhold his consent, then the position would be correct.   But the lease contains no such provision, and conse-quently the lessor's right to refuse his assent in any case cannot be questioned.   Treloar v. Bigge, L. R. 9 Exch. 151; Sear v. House Property & Invest. Soc. L. R. 16 Ch. Div. 387; Taylor, Land. & T. § 407.

PER CURIAM:

The defendant in this case, who comes before us as plaintiff in error, has no reason to complain of the judgment of the court below.   He has had his own contract enforced against him.   He agreed to pay a penalty, or additional rent, of $300, in case he should sublet the premises; with this in view he did sublet, and it is but just that he should be compelled to abide by the term of his own contract.

The judgment is affirmed.